IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LESLIE MOSKOWITZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-713-O |
| | § | (NO. 4:15-CR-151-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Leslie Moskowitz, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the reply and other documents filed by movant,[1] the record, including the record in the underlying criminal case, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On June 10, 2015, movant was named along with others in a one-count indictment charging him with conspiring to possess with intent to distribute 50 grams of more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[2] 1. On July 23, 2015, movant pleaded guilty to the offense charged. CR Doc. 214. On November 17, 2015, the court sentenced movant to a term of imprisonment of 97 months. CR Doc.

---

[1] The court initially issued an order for movant to show cause why his motion should not be dismissed as time-barred. The court has considered movant's response to that order, which basically makes the same arguments as are made in his other filings.
[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-151-O.

689. Movant appealed, CR Doc. 703, and the United States Court of Appeals for the Fifth Circuit affirmed his sentence on July 5, 2016. *United States v. Moskowitz*, 667 F. Appx. 457 (5th Cir. 2016). He did not file a petition for writ of certiorari.

## II.  GROUND OF THE MOTION

Movant asserts one ground in support of his motion. He alleges that his attorney filed, without his knowledge, an objection to his presentence report ("PSR") that had no chance of success, resulting in movant losing his adjustment for acceptance of responsibility. Doc.[3] 1 at PageID[4] 4; Doc. 2. As a consequence, his sentence was lengthened by 27 months. *Id.*

## III.  TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the page number on the typewritten form used by movant is not the actual page number.

Here, movant's conviction and sentence became final on October 3, 2016, after the 90-day period for filing a petition for writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). He did not file his § 2255 motion until August 13, 2018.[5] Doc. 1 at PageID 13.

In the "timeliness of motion" section of the § 2255 form, movant explains that he only learned on or about June 15, 2018, from a jailhouse lawyer that he had been harmed by an objection his attorney had made at sentencing. *Id* at PageID 12. Movant relies on § 2255(f)(4) in support of his position that his motion is timely, arguing that his attorney was incompetent and concealed that incompetence from him.[6] Doc. 2 at 15–21.

Subsection (f)(4) of § 2255 provides that limitations run from the date on which the facts supporting the claim could have been discovered through the exercise of diligence. In this case, those facts were available to movant at the time they occurred. On September 11, 2015, the probation officer submitted the PSR. CR Doc. 363. The PSR reflected that movant's base offense level was 30 based on his being accountable for 737.1 grams of methamphetamine. *Id.* ¶ 31. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 39, 40. Based on a total offense level of 27 and a criminal history category of I, his guideline imprisonment range was 70 to 87 months. *Id.* ¶ 79. On September 24, 2015, movant filed objections to the PSR. CR Doc. 459. On October 2, 2015, the probation officer submitted an addendum to the PSR, noting that movant's objection to the quantity of drugs attributed to him in the PSR falsely denied relevant conduct and was not consistent with acceptance of responsibility. CR Doc. 505. Without the

---

[5] The court accepts the date of signing of the motion as the date it was filed.
[6] Movant's argument is largely based on a misreading of *United States v. Kubrick*, 444 U.S. 111 (1979), as to the accrual of a cause of action.

reduction for acceptance of responsibility, movant's guideline range became 97 to 121 months. *Id.* Movant again lodged basically the same objection to his drug calculation. CR Doc. 522.

At sentencing on November 16, 2015, movant's attorney represented to the court that he and movant had timely received the PSR and the addendum and that they had carefully reviewed them.[7] CR Doc. 834 at 2. Movant testified under oath that he objected to the quantity of drugs being attributed to him in the PSR. *Id.* at 3. Specifically, he testified that although the PSR said he had 737 grams in his possession, he believed that he only had "4 plus some 14 gram ounces in [his] possession the whole time of this conspiracy." *Id.* Having heard movant's testimony and that of the case agent, the court overruled movant's objections and determined that he should not receive acceptance of responsibility. *Id.* at 20. Thus, movant's total offense level was 30 and his guideline imprisonment range was 97 to 121 months. *Id.* at 21. When given an opportunity to speak, movant thanked his family for their support and stated that he accepted responsibility for his actions. *Id.* at 23–24. Movant was sentenced to a term of imprisonment of 97 months and his counsel objected. The court overruled the objection, noting the complicity of movant in the conspiracy, the amount of methamphetamine movant was involved with personally and in allowing his home to be used for distribution, and movant's testimony denying the things he had said in his proffer interview. *Id.* at 26.

If he did not know before, movant certainly knew at the sentencing hearing that he was being denied acceptance of responsibility because the court found that his objections were meritless and that he had testified falsely.[8] *See United States v. Jackson*, 470 F. App'x 324, 326–

---

[7] Movant admits in the affidavit he filed in support of his motion that in mid-October 2015, his attorney gave him a copy of the PSR and addendum. Doc. 3 at PageID 50, ¶ 23. Had movant read the addendum, he would have known about the objections and that he was probably going to lose acceptance of responsibility as a result. CR Doc. 505.
[8] Thus, even if the objections were filed without movant's knowledge, he cannot overcome that he lost acceptance of

27 (5th Cir. 2012)(movant could have discovered at sentencing the ground of his § 2255 motion); *Lamonica v. United States*, No. 3:17-CV-2738-D, 2019 WL 3804982, at *3 (N.D. Tex. June 13, 2019)(citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)(limitations trigger is discovery of factual predicate not recognition of the legal significance of the facts)). Contrary to movant's argument, his injury was not hidden from him. It was plain from the addendum to the PSR and what transpired at the sentencing hearing.

To the extent that movant might be making an argument for equitable tolling, the doctrine is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Here, although movant wants to blame his attorney, he admits that the delay in filing the motion was due to bad advice of jailhouse lawyers who advised him to pursue clemency motions. Doc. 2 at 13–14. Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

## IV. CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of

---

responsibility because he testified falsely. He admits under oath that his counsel told him to testify truthfully. Doc. 3, ¶ 24.

appealability is **DENIED**.

      **SO ORDERED** on this 16th day of December, 2020.

                                              Reed O'Connor
                                      **UNITED STATES DISTRICT JUDGE**